IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GAIL R. DION,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>PARMA SCHOOL DISTRICT #137,  )<br>Subdivision of the State of Idaho, and  )<br>JAMES NORTON, Superintendent of  )<br>Parma School District #137, in his  )<br>Official Capacity,  )<br>  )<br>    Defendants.  )<br>_____) | Case No. CV-05-43-S-BLW<br><br>**ORDER GRANTING<br>MOTION TO STAY** |

## INTRODUCTION

Plaintiff Gail Dion (Dion) has filed a Motion to Stay, which has been fully briefed and is ready for decision. For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

In April of 2004, Dion filed complaints of discrimination against the Defendant School District with the Equal Employment Opportunity Commission (EEOC), under federal law, and the Idaho Human Rights Commission (IHRC),

Order – Page 1

under state law. Pursuant to an agreement between the EEOC and the IHRC, the EEOC assumed responsibility for the initial investigation of the charge and determined that the evidence demonstrated reasonable cause to conclude that discrimination had occurred. The EEOC attempted to achieve a voluntary resolution of the charge, but was unsuccessful. The EEOC then issued a Notice of Conciliation Failure to Dion and the School District and transferred the file to the United States Department of Justice (DOJ) for a determination of whether the DOJ would pursue claims against the School District.

On October 22, 2004, the IHRC received notice from the EEOC that it had closed <u>Gail R. Dion v. Parma School District #137</u> as a conciliation failure. Having received notice that the EEOC had closed the federal claim, the Commission closed the state claim by issuing its Notice of Administrative Dismissal and Right to Sue dated October 26, 2004. In the letter, the IHRC informed Dion that she must file a claim within ninety days of the date of the letter. On December 13, 2004, Dion's counsel advised the IHRC that the EEOC had not, in fact, closed its case but had transferred the matter to the DOJ for consideration of possible litigation of the federal claim. The EEOC subsequently confirmed this fact. *See* Affidavit of Leslie Goddard, Executive Director of the IHRC. (Docket No. 10, Attachment #1).

**Order – Page 2**

On January 21, 2005, Dion filed an action in Idaho Fourth District Court under the Idaho Human Rights Act, Idaho Code § 67-5901, *et seq.*, Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111 *et seq.*, and the Rehabilitation Act of 1973, specifically 29 U.S.C. § 794.  On February 9, 2005, the Defendants filed a Notice of Removal.

On March 3, 2005, Dion wrote to the DOJ, pointing out that more than 180 days had passed since she filed her claim with the EEOC and requesting that the EEOC issue a right to sue letter pursuant to 29 C.F.R. § 1601.28(4)(d).  Plaintiff's Reply Mem., Exh. A.  As of this date, the DOJ has not issued a decision as to whether or not it will file a claim, or issued a right to sue letter.

## DISCUSSION

Plaintiff urges the Court to stay this action until the DOJ has completed its investigation and determined its course of action.  Defendants oppose Plaintiff's Motion to Stay noting that there is no dispute that the EEOC has rendered a finding of reasonable cause that Plaintiff was "not considered for hire and not hired due to her disability."  Defendants claim that, although the EEOC has referred Plaintiff's charge to the DOJ for purposes of determining whether it will file an independent cause of action, such determination by the Department and/or issuance of a right to sue letter by the EEOC will not affect the present litigation.  However, Dion

**Order – Page 3**

contends that she would be prejudiced were the Court not to order a stay of the action. Dion points out that, should the DOJ decide to file a complaint, she could only participate in that action by intervening or consolidating an ongoing case with the DOJ initiated litigation. Thus, Dion argues, the DOJ determination to sue, or issue a right to sue letter, could have a significant impact upon the conduct of the present litigation.

Dion is also concerned that, even if the DOJ decides not to file a complaint, her ADA claim could be at risk of future dismissal by application of principles of claim preclusion. She cites *Churchill v. Star Enterprises*, 183 F.3d 184 (3d Cir. 1999), where the court held that a plaintiff's state law and ADA claims were precluded because the plaintiff failed to consolidate these claims with other statutory claims. The court suggested that the plaintiff should have requested a right to sue letter at the end of the 180 day EEOC investigative period, and should have requested that the proceedings be stayed pending receipt of a right to sue letter.

The power to stay proceedings is incidental to the power inherent in every court to control disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Here, the timing of Dion's filing in Fourth District Court was in

compliance with the Right to Sue letter issued by the IHRC; however, that letter was issued prematurely based on erroneous information that the EEOC had closed its case. In fact, the case was not closed but transferred to the DOJ. Under these circumstances, the Court concludes that it is in the interest of justice to stay the proceedings until the DOJ issues a right to sue letter or decides to bring its own action. This stay should be relatively brief in duration. Further, nothing in the record shows that Defendants would be prejudiced thereby. However, should the action not be stayed, Dion may suffer prejudice. At a minimum, should the DOJ decide to file a claim, it would be an inefficient use of judicial resources to require Dion and the DOJ to litigate their claims separately. The Court and the litigants will be in a better position to proceed with this action once the DOJ determines its course of action. In light of the foregoing, the Court finds good cause to grant Dion's Motion to Stay.

Accordingly,

IT IS HEREBY ORDERED that Dion's Motion to Stay (Docket No. 10) is GRANTED. This action is STAYED pending receipt by the parties of the DOJ's decision on the referral by the EEOC.

IT IS FURTHER ORDERED that the Scheduling Order entered on April 19, 2005 (Docket No. 19) is VACATED.

**Order – Page 5**

IT IS FURTHER ORDERED that, when the parties receive notice of the DOJ's decision, they shall immediately notify the Court, at which time a new Scheduling Order will be entered.

DATED: **May 5, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Order – Page 6**