IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GAIL R. DION,<br><br>          Plaintiff,<br><br>v.<br><br>PARMA SCHOOL DIST. #137 and<br>JAMES NORTON, Superintendent of<br>Parma School Dist. #137, in his<br>Official Capacity,<br><br>          Defendants. | Case No. CV-05-043-S-BLW<br><br>**ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Entry of Default (Docket No. 25).

## ANALYSIS

On February 23, 2005, Plaintiff sent Defendants a request for service. Defendants returned the waiver in a timely manner. The next day, February 24, 2005, Plaintiff filed a Motion to Stay the proceedings in this matter. On May 5, 2005, the Court granted the Motion to Stay. On May 18, 2005, the Court lifted the stay. Approximately two weeks later, on May 31, 2005, Defendants filed their Answer.

Courts have historically held that a motion to stay tolls the time to answer or otherwise move with respect to a complaint in order to maximize the effective utilization of judicial resources. *See e.g. Intravascular Research Limited v. Endosonics Corp.*, 994 F.Supp. 564, 567 (D.Del. 1998); *Questech Capital Corp. v. Flight Dynamics, Inc.*, 1984 WL 327, *4 (S.D.N.Y. 1984); *Cf. Parker v. Transcontinental & Western Air, Inc.*, 4 F.R.D. 325, 326 (W.D. Mo. 1944).

In this case, the Motion to Stay was filed one day after Plaintiff served her request for service. Thus, the time to answer the Complaint was tolled from that day until the stay was lifted on May 18, 2005. Defendants filed their Answer two weeks later, well within the allotted time period. Accordingly, the Court will deny the Motion for Entry of Default.

NOW THEREFORE IT IS HEREBY ORDERED, that Plaintiff's Motion for Entry of Default (Docket No. 25) shall be, and the same is hereby, DENIED.

DATED: **November 21, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court